CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
*for Danville*
AUG 0 8 2005
JOHN F. CORCORAN, CLERK
BY: 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DEBRA T. BUNDY, | ) | CASE NO. 4:04CV00079 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | By: B. Waugh Crigler |
| Commissioner of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant, | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's

September 24, 1999 request to reopen her March 7, 1996 claim for a period of disability and

disability income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416 and

423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding

District Judge a report setting forth appropriate findings, conclusions and recommendations for

the disposition of the case. The questions presented are whether the Commissioner's final

decision is consistent with the law and supported by the substantial evidence in the record, or

whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the

reasons that follow, the undersigned will RECOMMEND that an order enter REMANDING the

case to the Commissioner for further proceedings.

On March 7, 1996 plaintiff filed her application for benefits, and after a hearing on her

1

claim, a Law Judge determined she was not disabled under the Act in a decision entered on January 24, 1998. (R. 11-18.) The Appeals Council denied review on September 3, 1999, thus rendering a final decision on behalf of the Commissioner. (R. 4-5.)

Plaintiff did not institute any action for review by the federal courts, and instead, on September 24, 1999, her attorney forwarded additional medical evidence to the Appeals Council and requested that the decision "DATED 11/3/99 BE REOPENED... ." (Supplemental Record (Supp. R.) 261.) On September 22, 2004, the Appeals Council denied plaintiff's request to reopen, adopted the Law Judge's decision as "the final decision of the Commissioner of Social Security in this case," and "extended" the time for an additional 30 days in which plaintiff had to file a civil action seeking review of that "final decision." (Supp. R. 257-258.) The plaintiff filed her complaint in this action on October 21, 2004, and the defendant answered, asserting that the Commissioner's final decision is supported by substantial evidence.

The Administrative Law Judge (Law Judge), whose decision eventually was adopted as the final agency decision, found that plaintiff met the special earnings requirements of the Act through the date of the decision. (R. 17.) He also determined that the medical evidence established plaintiff suffered a collagen vascular disease which did not meet or equal the requirements of any listed impairment. (*Id.*) Further, the Law Judge did not find plaintiff's allegations concerning the limitations from her impairments to be credible, and found that she retained the residual functional capacity to perform a limited range of sedentary work, provided "the work is performed in a controlled environment and she is afforded the opportunity to change postural positions at will." (*Id.*) By application of the Medical-Vocational guidelines and with reference to testimony offered by a vocational expert (VE), the Law Judge concluded that jobs

2

were available to plaintiff. (R. 16-18.) Accordingly, he found that plaintiff was not disabled under the Act. (R.18.)

While the case was on initial administrative appeal to the Appeals Council, plaintiff submitted additional evidence. (R.184-203). The Appeals Council concluded that neither the additional evidence nor the record as a whole provided a basis for granting a request for review. (R. 4-5). Along with his letter to the Appeals Council seeking reopening dated September 24, 1999, plaintiff's attorney submitted further additional evidence. (Supp. R. 262-295.) Upon review of the evidence submitted, the Appeals Council found "no reason" to change the Law Judge's decision, thus adopting as a final decision of the Commissioner. (Supp. R. 257-258.)[1]

The Commissioner is charged with evaluating the medical evidence, assessing symptoms, signs, and findings, and, in the end, determining the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Hays v. Sullivan*, 907 F.2d 1453 (1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). In that connection, the regulations grant the Commissioner some latitude in resolving inconsistencies in evidence and the court reviews the Law Judge's factual determinations only for clear error. 20 C.F.R. §§ 404.1527 and 416.927; *See also Estep v. Richardson*, 459 F.2d 1015, 1017 (4th Cir. 1972). In the end, if the Law Judge's resolution of the

---

[1]The undersigned initially considered the prospect that the court lacked subject matter jurisdiction over this action. The September 22, 2004 action of the Appeals Council was couched in terms of a denying a reopening of the case, but the Council clearly did not act to apply administrative *res judicata*. *See Califano v. Sanders*, 430 U.S. 99 (1977); *Kasey v. Sullivan*, 3 F.3d 75 (4th Cir. 1993); *McGowen v. Harris*, 666 F.2d 60 (4th Cir. 1981). Instead, the Council adopted the Law Judge's decision and granted plaintiff an extension of time to seek judicial review which it had power to do under 20 C.F.R. §§ 410.668 and 410.669. Thus, the undersigned is of the view that the court possesses subject matter jurisdiction to review the denial of plaintiff's entire claim for benefits under 42 U.S.C. § 405(g) which jurisdiction has not been challenged by the Commissioner in these proceedings.

conflicts in the evidence is supported by substantial evidence then the Commissioner's final decision must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

On the other hand, it is axiomatic that courts may remand a case to the Commissioner for the further development of the evidence where "good cause" has been shown. 42 U.S.C. § 405(g). What constitutes "good cause" draws beyond the boundaries of the substantive merits of the claim as presented in the record and is not constrained by whether the Commissioner's decision might have been supported by substantial evidence at the time of judicial review. *Walker v. Harris*, 642 F.2d 712, 714 (4th Cir. 1981). Failure to provide "a full and fair hearing... and the failure to have such a hearing may constitute good cause sufficient to remand to the [Commissioner] under 42 U.S.C. § 405(g) for the taking of additional evidence." *Sims v. Harris*, 631 F.2d 26, 27 (4th Cir. 1980).

In that connection, the Appeals Council must consider new and material evidence offered on administrative appeal, so long as that evidence is relevant to the period under consideration. 20 C.F.R. § 416.1470(b) (1999); *Wilkins v. Secretary*, 953 F.2d 93, 95 (4th Cir. 1991); *Riley v. Apfel*, 88 F. Supp. 2d 572 (W.D.Va. 2000). Evidence is "new" within the meaning of the regulations if it is not duplicative or cumulative, and evidence is "material" if there is a reasonable possibility that the new evidence would have changed the Commissioner's decision. See, *Wilkins*, 953 F.2d at 96; *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985).

Further, when evidence is offered to the Appeals Council on administrative appeal, the Council has a duty to do more than offer scant discussion of it. *Riley v. Apfel*, 88 F. Supp. 2d 572 (W.D. Va. 2000). The Council has a duty to make specific findings regarding the weight it has given the new evidence. Where it fails to do so, and where the evidence does not otherwise compel a court to enter judgment as a matter of law on the record before it, thus rendering the

4

purpose of a remand unnecessary, the better practice is for a reviewing court to send the case

back for further proceedings in order to give the Commissioner an opportunity to make findings

of fact that can be meaningfully assessed under 42 U.S.C. §405(g).

Here plaintiff carried her initial burden in the sequential evaluation and established her

inability to perform her past relevant work as a retail sales manager, which the VE found to be

unskilled to semi-skilled light work. (R. 17, 249.) Thus, the only question was whether any

sedentary work would be available to the plaintiff. In that connection, the Law Judge found that

plaintiff suffered severe vascular disease, with limitations which would not have precluded the

availability of unskilled sedentary work under the hypothetical limitations presented in the Law

Judge's questions to the VE. (R. 251-252.) No work would be available to a person who could

not regularly attend work or suffered the restrictions or pain testified to by the plaintiff. (R. 253.)

The evidence offered on administrative appeal as well as that offered after the Appeals

Council initially reviewed the Law Judge's decision clearly bears on whether the plaintiff suffers

impairments in addition to the vascular disease found by the Law Judge to such an extent that

their effects likely could impose limitations that would preclude gainful work as the VE opined.

(R. 184-204; Supp. R. 262-295.) The Council did not discharge its duty to make findings

regarding that evidence which could be meaningfully reviewed by the court. Good cause has

been shown under *Riley* to remand the case for further proceedings. *Riley v. Apfel*, 88 F. Supp. 2d

572 (W.D.Va. 2000).

Accordingly, it is RECOMMENDED that an order enter REMANDING the case to the

Commissioner for further proceedings. The order should direct that, in the even the

Commissioner cannot grant benefits on the current record, she is to recommit the case to a Law

5

Judge to conduct supplemental evidentiary proceedings in which both sides can introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED:

U. S. Magistrate Judge

Aug. 8, 2005

Date

6